# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEOFF LEE PROBY,<br><br>    Petitioner,<br><br>    v.<br><br>DOMINGO URIBE, JR., Warden,<br><br>    Respondent. | NO. CV 06-5679 VAP (FMO)<br><br>**ORDER ADOPTING FINDINGS,<br>CONCLUSIONS AND RECOMMENDATIONS<br>OF UNITED STATES MAGISTRATE JUDGE** |

## INTRODUCTION

On September 11, 2006, petitioner, proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. On November 16, 2008, petitioner filed a First Amended Petition for Writ of Habeas Corpus ("FAP"). On January 20, 2009, respondent filed a Motion to Strike Claims from the FAP ("Motion"), asserting that the newly added claims in the FAP are barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). Petitioner filed his Opposition to the Motion ("Opposition") on February 20, 2009. On March 10, 2009, respondent filed a Reply to petitioner's Opposition.

On June 30, 2009, the United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that the Motion be granted and dismissing Grounds Four through Ten in the FAP as untimely. Thereafter, on July 27, 2009, petitioner filed Objections to the R&R ("Objections").

**DISCUSSION**

In his Objections, petitioner asserts that his FAP was timely because: (a) Rule 60 of the Federal Rules of Civil Procedure provides relief for excusable neglect; and (b) the FAP was filed in conformance with the Court's orders.[1]  (See Objections at 14, 15 & 29-33).

As an initial matter, the Court notes that petitioner's Objections raise new arguments that were never presented to the Magistrate Judge.  (Compare Objections at 14, 15 & 29-33 with Opposition at 1-30).  "[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000), cert. denied, 534 U.S. 831, 122 S.Ct. 76 (2001); accord Brown v. Roe, 279 F.3d 742, 744 (9th Cir. 2002).  A district court "also has the discretion to decline to consider arguments presented for the first time in a party's objections to a Magistrate Judge's Findings and Recommendation." Aleck v. United States, 2005 WL 2709502, at *1 (D. Or. 2005) (citing Jones v. Blanas, 393 F.3d 918, 935 (9th Cir. 2004) and Howell, 231 F.3d at 621-22).  "[S]uch discretion has been exercised in this regard, especially when declining to address a new argument first raised in the objections." Id. (citing Howell, 231 F.3d at 621-22).

Here, the new arguments were available to petitioner at the time he filed his Opposition and petitioner offers no explanation for his failure to raise them earlier.  (See, generally, Objections at 1-33).  Under the circumstances, the Court will exercise its discretion and decline to consider the new arguments petitioner asserts in his Objections.  "Such a policy is reasonable since the referral mechanism is intended to help ease the heavy workloads of the district courts and to aid in the efficient resolution of disputes." ISM Sports, Inc. v. Lemonia Gyro & Souvlaki, Inc., 2005 WL 1861308, at *2 (E.D.N.Y. 2005); see also Howell, 231 F.3d at 622 ("To require a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the

---

[1]  Petitioner also contends he is entitled to equitable tolling because of his attorneys' "egregious" conduct and state-imposed impediments.  (See Objections at 16-28).  However, petitioner's contentions are similar to the arguments in his Opposition, (compare id. with Opposition at 1-30), which were thoroughly addressed in the R&R.  (See R&R at 17-24).

district court. . . . Equally important, requiring the district court to hear evidence not previously presented to the magistrate judge might encourage sandbagging.").

However, even on the merits, petitioner's Objections are insufficient to establish a basis for equitable tolling. First, petitioner contends that he is entitled to relief under Rule 60(b) for his "excusable neglect" in failing "to include the seven (7) newly exhausted claims in the original federal habeas petition along with the three (3) fully exhausted claims[.]" (See Objections at 14). However, Rule 60(b) provides grounds for relief only from a final judgment, which has not been entered in this case. See Fed. R. Civ. P. 60(b); (see, e.g., Notice of Filing of Magistrate Judge's Report and Recommendation) ("The Report and Recommendation of a Magistrate Judge is not a final appealable order."). More importantly, the "excusable neglect" standard petitioner seeks to invoke, (see, e.g., Objections at 14), is insufficient to constitute an extraordinary circumstance justifying equitable tolling. See Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) ("To apply the doctrine in extraordinary circumstances necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances stood in [the] way suggests that an external force must cause the untimeliness, rather than . . . merely oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.") (internal quotation marks and citation omitted).

Second, petitioner contends that the FAP is timely because he filed it in compliance with the Court's orders staying his original Petition and granting him additional time in which to file the FAP. (See Objections at 29-33). Petitioner asserts that the Court should have "simply instructed petitioner to also include the seven (7) unexhausted claims in his federal habeas petition when [he] filed [it on] September 11, 2006, a little over three months prior to the AEDPA's one-year limitations expiration, and subsequently granted petitioner a 'stay.'" (Id. at 15). Petitioner's contentions are unpersuasive.

Federal "judges have no obligation to act as counsel or paralegal to *pro se* litigants." Pliler v. Ford, 542 U.S. 225, 231, 124 S.Ct. 2441, 2446 (2004) (italics in original). Nor does the Court have an obligation to perform the calculations necessary to determine if a petition or any of the claims contained therein are timely. See Day v. McDonough, 547 U.S. 198, 209-10, 126 S.Ct.

1675, 1684 (2006) (stressing that a district court has no obligation to make statute of limitations calculations for either the petitioner or the respondent); Pliler, 542 U.S. at 235, 124 S.Ct. at 2448 (O'Connor, J., concurring) ("it is not incumbent upon a district court to establish whether the statute of limitations has already run before explaining the options available to a habeas petitioner who has filed a mixed petition[]"). The Court cannot advise petitioner as to whether he should have included the seven unexhausted claims in his original Petition. In other words, the Court cannot advise a petitioner as to whether he or she should seek to stay a mixed petition under Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005) or, as was done here, seek to stay a fully-exhausted petition – which would be amended after the exhaustion was complete – under Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005). (See Court's Order of October 2, 2006, at 1 & 2) (discussing petitioner's "Motion to Hold Federal Habeas Petition in Abeyance Pending Exhaustion of Additional Seven (7) Potentially Dispositive Claims in the State Court" and concluding that Rhines does not apply because the operative Petition was fully exhausted). As the Supreme Court stated in a related context, "[r]equiring district courts to advise a *pro se* litigant in such a manner would undermine district judges' role as impartial decision-makers." Pliler, 542 U.S. at 231, 124 S.Ct. at 2446.

In short, petitioner has not met the "very high threshold," United States v. Battles, 362 F.3d 1195, 1197 (9th Cir. 2004), of demonstrating his own diligence and establishing the existence of extraordinary circumstances beyond his control which were the cause of his untimeliness. See Waldron-Ramsey, 556 F.3d at 1011 ("the requirement that extraordinary circumstances stood in his way suggests that an external force must cause the untimeliness, rather than . . . merely oversight, miscalculation or negligence on the petitioner's part") (internal quotation marks and brackets omitted).

## **CONCLUSION**

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition and the First Amended Petition, all of the records herein, the Report and Recommendation of the United States Magistrate Judge, and the Objections to the Report and Recommendation. The Court has made a de novo determination of the portions of the Report and Recommendation

to which Objections were directed. The Court concurs with and adopts the findings and conclusions of the Magistrate Judge. Accordingly, IT IS ORDERED THAT:

1. Respondent's Motion to Strike **(Document No. 41)** is **granted**.

2. Grounds Four through Ten in the First Amended Petition are dismissed with prejudice.

3. Respondent shall file his Return to Grounds One, Two and Three no later than thirty (30) days from the filing date of this Order.

4. Petitioner shall file his Reply no later than thirty (30) days from the date of service of the Return.

5. The matter is referred back to the Magistrate Judge for further proceedings with respect to Grounds One, Two and Three in the First Amended Petition.

6. The Clerk shall serve copies of this Order on the parties.

DATED: _November 18, 2009

```
                                    _____
                                         VIRGINIA A. PHILLIPS
                                    UNITED STATES DISTRICT JUDGE
```